IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT WILLIAM MONTGOMERY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br><br>Case No. 2:03-CR-801 TS |

This matter is before the Court on Defendant's *pro se* Motion for Early Termination of Supervised Release. The government has filed a response opposing Defendant's Motion. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Defendant was originally indicted on October 8, 2003, on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant pleaded guilty to that offense on February 18, 2004. Defendant was sentenced, on July 12, 2004, to 57 months custody with the Bureau of Prisons ("BOP") to be followed by 36 months supervised release.

1

Defendant appealed his sentence and the Tenth Circuit reversed and remanded for re-sentencing in light of *Blakely* and *Booker*.  Upon remand, Defendant was again sentenced to 57 months custody with the Bureau of Prisons to be followed by 36 months supervised release.

Defendant began his term of supervised release on December 14, 2007.  Defendant represents that, in the nearly two years that he has been on probation, he has been compliant with the terms of his probation, has not tested positive for drugs, and has been gainfully employed.  This information was confirmed by Defendant's supervising officer.

Defendant moved to terminate his supervised release on September 22, 2009.  The government has filed an opposition to Defendant's Motion.  The government states that "[t]hroughout the litigation, the defendant maintained a tone lacking contrition while projecting blame onto others, including the victim of his offense."[1]  The government further states that while Defendant's efforts to become a law-abiding member of the community should be commended, they do not warrant the early termination of Defendant's supervised release.

## II.  DISCUSSION

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is 1) warranted by the conduct of an offender and 2) is in the interest of justice.  In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Consider the factors set forth in 18 U.S.C. § 3553(a), the Court notes that Defendant's offense of conviction was a serious one.  Defendant pleaded guilty to being a felon in possession

---

[1] Docket No. 116.

of a firearm.  For sentencing purposes, the Court found that Defendant's actions resulted in the death of his wife.  As a result, the Court imposed a two-level upward departure pursuant to USSG § 5K2.1.  The Court believes that the seriousness of Defendant's conduct was adequately taken into account when it sentenced Defendant to 57 months custody with the BOP.

Next, the Court considers the history and characteristics of Defendant, particularly his conduct while on supervised release.  As stated above, Defendant has been on supervised release for nearly two years.  During that time, he has had no violations and has complied with the terms of his supervised release.  Having considered these factors and the other § 3553(a) factors, the Court finds that early termination of Defendant's term of supervised release is both warranted by the conduct of the offender and in the interest of justice.

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant's *Pro Se* Motion for Early Termination of Supervised Release (Docket No. 115) is GRANTED.  It is further

ORDERED that Defendant's term of supervised release shall be terminated effective immediately and this case shall be closed.

SO ORDERED.

DATED   October 15, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge